## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Cody Benth, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Williston Police Department, | ) | |
| et al., | ) | Case No. 1:25-cv-175 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-captioned action on July 24, 2025, with the filing of a complaint.  (Doc. No. 1).  Defendants City of Williston Police Department and Detective Momcilo Babic filed their answer on September 23, 2025.  (Doc. No. 4).  Defendant Brittany Collings filed her answer on January 20, 2026.  (Doc. No. 10).  Meanwhile, on November 5, 2025, the court held a scheduling conference with the parties.  (Doc. No. 6).  Thereafter the court issued an order scheduling a mid-discovery status conference for May 1, 2026.  (Doc. No. 10).  The court also issued a scheduling and discovery order that, among other things,  set a May 1, 2026, deadline to file motions to amend the pleadings.  (Doc. No. 7).

On April 29, 2026, Plaintiff filed an amended complaint.  (Doc. No. 12).  On April 30, 2026, the Clerk's office restricted access to the amended complaint with the following notation on the docket sheet: "Restricted – Leave of Court Required."  (Id.).

On April 30, 2026, Plaintiff filed a "Motion Regarding Amended Complaint."  (Doc. No. 13).  Therein he requested clarification as to why the Clerk's office had restricted access to his amended complaint as it was filed prior to the May 1, 2026, deadline to amend the pleadings.

1

On May 1, 2026, the court held a mid-discovery status conference with the parties by telephone. At the close of the conference, the court advised that it would defer ruling on Plaintiff's motion pending Defendants' responses.

On May 13, 2026, Defendant Brittany Collings filed a combined response to Plaintiff's motion and Motion to Strike Plaintiff's Amended Complaint. (Doc. No. 16). Averring that the amended complaint was appropriately restricted by the Clerk's office as Plaintiff had not obtained leave of court or the parties' consent to file the amended complaint, she requests that the court strike the amended complaint in its entirety.

On May 14, 2026, Defendants City of Williston Police Department and Detective Momcilo Babic filed a response in opposition to Plaintiff's motion. (Doc. No. 17). Therein they assert that Plaintiff's motion should be denied as Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 15(a)(2) prior to filing his amended complaint.

On May 27, 2026, Plaintiff filed: (1) a Consolidated Response to Defendants' Objections to Amended Complaint; and (2) Motion for Leave to File Corrected Amended Complaint Nunc Pro Tunc. (Doc. Nos. 19 and 20).

Rule 15 of the Federal Rules of Civil Procedure provides the following respect to amending the pleadings:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed R. Crim. P. 15(a)(1) and (2).

Under Rule 15(a)(1), Plaintiff had by the court's calculation until February 10, 2026, to file an amended complaint as a matter of course. Plaintiff filed his amended complaint on April 29, 2026. As his window in which to file an amended complaint as matter of course had closed and he had obtained neither the consent of the other parties nor leave of court as required under Rule 15(a)(2), the Clerk's office appropriately restricted the amended complaint.

Plaintiff appears to have been laboring under the misapprehension that he was permitted to amend his pleadings as a matter of course up until May 1, 2026. However, the scheduling order did not permit the parties to simply file amended pleadings by May 1, 2026, in contravention of the plain language of Rule 15(a)(2). Rather it set a May 1, 2026, deadline to file a motion to amend the pleadings.

Consequently, insofar as Plaintiff may be seeking the court's indulgence for his misreading of the scheduling and discovery order and disregard of Rule 15(a)(2), his Motion Regarding Amended Complaint (Doc. No. 13) is **DENIED**. The court shall now address Defendant Collings' Motion to Strike.

Rule 12 of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule continues that "[t]he court may act: (1) on its own; or (2) on motion made by a party...." Id. A district court enjoys "liberal discretion" under this rule. Stanbury Law Firm, P.A. v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Notably, "striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are

3

infrequently granted." Id. (citations omitted). A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." Daigle v. Ford Motor Co., 713 F. Supp. 2d 822, 830 (D. Minn. 2010).

"Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quoting Friedman v. Village of Skokie, 763 F.2d 236, 239 (7th Cir. 1985)). As Plaintiff did not comply with Rule 15 or the  court's scheduling and discovery order and improvidently filed an amended complaint without first obtaining leave, the court **GRANTS** Defendant Collings' Motion to Strike Plaintiff's Amended Complaint (Doc. No. 16).

The court shall on its own motion extend the parties' deadline for filing motions to amend the pleadings until May 28, 2026.  The court shall defer ruling on Plaintiff's Motion for Leave to File Corrected Amended Complaint (Doc. No. 13).[1] Defendants' responses to this motion are due by June 12, 2026.  Upon the filing of Defendants' responses, Plaintiff shall have seven days to file a reply.

**IT IS SO ORDERED.**

Dated this 28th day of May, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States Magistrate Judge

---

[1] This motion appears at first blush to comport with the requirements of Rule 15, this district's local rules, and the court's order as it seeks leave of court to file an amended complaint and has an attached proposed amended complaint.